**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ADAM CAMPASINO and ANTONIO LOVE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DRIFTY CO., d/b/a IONIC, and OUTSYSTEMS, INC.,<br><br>Defendants. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

1.      Plaintiffs Adam Campasino and Antonio Love (collectively "Plaintiffs"), bring this collective action on behalf of themselves and all other similarly situated employees against Defendants Drifty Co., d/b/a Ionic, and OutSystems, Inc. (collectively "Defendants").

2.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated individuals who worked for Defendants as salaried Sales Development Representatives ("SDRs") and Senior Sales Development Representatives ("Sr. SDRs") at any time since September 13, 2022.[1]

3.      Plaintiffs' claims against Defendants arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages.

---

[1]      September 13, 2022, is three years and 79 days prior to the date this Complaint was filed. An additional 79 days was added to the FLSA's three-year limitations period to account for a tolling agreement between the Parties that was in effect from August 14, 2025, through October 31, 2025, during which time the FLSA claims of all Sales Development Representatives and Senior Sales Development Representatives employed by Defendants were tolled.

## PARTIES

4.       Plaintiff Adam Campasino is an adult resident of Olympia, Washington.

5.       Plaintiff Campasino worked for Defendants in Washington as a SDR from approximately June 2022 to January 2024 and as a Senior SDR from approximately January 2024 to June 2024.

6.       Plaintiff Antonio Love is an adult resident of Johnson City, Tennessee.

7.       Plaintiff Love worked for Defendants in Florida as a SDR from approximately November 2021 through May 2024.

8.       Defendant Drifty Co. d/b/a Ionic ("Ionic") is a Delaware corporation with its principal place of business in Boston, Massachusetts, located at 44 Farnsworth Street, 9th Floor, Boston, Massachusetts, 02210.

9.       Defendant OutSystems, Inc. ("OutSystems") is a Delaware corporation with its principal place of business in Boston, Massachusetts, located at 44 Farnsworth Street, 9th Floor, Boston, Massachusetts, 02210.

## JURISDICTION AND VENUE

10.       This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b) ("An action to recover the liability [under the FLSA] may be maintained against any employer . . .  in any Federal or State court of competent jurisdiction by any one or more employees . . .") (emphasis added).

11.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside in this judicial district and both Defendants are residents of Massachusetts.

## STATEMENT OF FACTS

12.       Defendant Ionic is a software development company that sold customers access to

tools and a platform for building mobile and desktop applications using web technology.[2]

13.    Defendant OutSystems is a software development company that sells customers access to an AI-powered, low-code development platform for creating custom web and mobile applications.

14.    In October 2022, OutSystems acquired Ionic.[3]

15.    Following the acquisition, Ionic's principal office was moved from Madison, Wisconsin to OutSystems' headquarters in Boston.

16.    Following the acquisition, Ionic rebranded and began referring to itself as "Ionic, an OutSystems company."

17.    After the acquisition, Ionic discontinued all new customer sales for Ionic commercial products and services and announced the beginning of a process of discontinuing maintenance and support services for existing customers.[4] The announcement noted that Ionic's commercial "offerings will continue to be maintained and improved" by OutSystems, "since they form a significant portion of the OutSystems mobile stack."[5]

18.    Ionic and OutSystems utilized SDRs and Sr. SDRs to drive their new client business growth. SDRs and Sr. SDRs contacted potential new clients to convince them to purchase access to the companies' tools and platforms.

19.    Plaintiffs' and other SDRs' and Sr. SDRs' primary duty was performing inside sales

---

[2]    *See* "OutSystems Acquires Ionic to Unite the Power of Open Source Mobile Development with High-Performance Low-Code,"  Nov. 7, 2022, *https://www.outsystems.com/news/outsystems-acquires-ionic/* (last accessed Dec. 1, 2025).

[3]    *Id.*

[4]    *See* "Important Announcement: The Future of Ionic's Commercial Products, Feb. 11, 2025, https://ionic.io/blog/important-announcement-the-future-of-ionics-commercial-products (last accessed Dec. 1, 2025).

[5]    *Id.*

work.

20.     All of Defendants' SDRs and Sr. SDRs conducted their sales and other duties primarily from their homes – via phone, email, and internet outreach. SDRs and Sr. SDRs did not meet with potential customers in person.

21.     Prior to the October 2022 acquisition, Ionic classified Plaintiffs and other SDRs and Sr. SDRs as exempt employees and paid them on a salary plus commissions basis.

22.     Following the October 2022 acquisition, Defendants continued to classify Plaintiffs and other SDRs and Sr. SDRs as exempt employees and paid them on a salary plus commissions basis.

23.     Defendants maintained a high-pressure environment and imposed aggressive sales quotas on SDRs and Sr. SDRs.  Defendants regularly evaluated metrics like the number of calls and the number of emails SDRs and Sr. SDRs made and sent per day and the number of qualified sales opportunities they generated each month.

24.     Plaintiffs and other SDRs and Sr. SDRs were required to contact potential customers in different time zones both in the United States and around the world.

25.     The different time zones in which potential customers were located required Plaintiffs and other SDRs and Sr. SDRs to work outside of traditional business hours as well as on weekends.

26.     The sales and productivity metrics imposed by Defendants required Plaintiffs and other SDRs and Sr. SDRs to work significant hours, including more than 40 hours in one or more individual work weeks during the relevant time period.

27.     Plaintiffs and other SDRs and Sr. SDRs could not reasonably perform their jobs and complete their required job duties in a traditional 40-hour work week.

28.     Defendants did not require Plaintiffs and other SDRs and Sr. SDRs to record the number of hours they worked each day on any timekeeping system.

29.     Defendants did not maintain and do not possess timekeeping records that show with precision the number of hours Plaintiffs and other SDRs and Sr. SDRs worked in individual work weeks.

30.     Plaintiffs and other SDRs and Sr. SDRs worked in excess of 40 hours in one or more individual work weeks during the relevant time period.

31.     Defendants did not pay Plaintiffs and other SDRs and Sr. SDRs overtime compensation when they worked in excess of 40 hours in one or more individual work weeks.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring this action on behalf of themselves and all similarly situated persons who have worked as SDRs or Sr. SDRs for Defendants since September 13, 2022 who elect to opt in to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

33.     Consistent with Defendants' policies and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid overtime compensation for hours worked over 40 hours in individual work weeks.

34.     All the work that Plaintiffs and members of the FLSA Collective performed was assigned by Defendants, and/or Defendants were aware of all the work that Plaintiffs and the FLSA Collective performed.

35.     As part of its regular business practice, Defendants willfully engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay SDRs and Sr. SDRs, including Plaintiffs and the members of the FLSA Collective, overtime

compensation for hours worked above 40 hours in individual work weeks.

36.     Defendants are aware or should have been aware that the FLSA required them to pay Plaintiffs and the members of the FLSA Collective overtime compensation for hours worked above 40 hours in a work week.

37.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

38.     Defendants are liable under the FLSA for, *inter alia*, failing to compensate Plaintiffs and the members of the FLSA Collective for overtime hours worked. Upon information and belief, the FLSA Collective consists of similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COUNT I
### FAIR LABOR STANDARDS ACT
### (Brought on behalf of Plaintiffs and the FLSA Collective)

39.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

40.     Defendants engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

41.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Their Consent Forms are attached hereto as **Exhibit A**.

42.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and

207(a).

43.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

44.     At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed Plaintiffs and the FLSA Collective pursuant to 29 U.S.C. § 203(d).

46.     At all times relevant, Plaintiffs and the FLSA Collective were Defendants' employees within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and 207(a).

47.     Plaintiffs and the FLSA Collective worked in excess of 40 hours per week in one or more work weeks during the relevant time period.

48.     Defendants did not keep records of the hours worked by Plaintiffs and the FLSA Collective (*i.e.*, when they started work, when they left for and returned from meal periods, and when they stopped work).

49.     Defendants failed to pay Plaintiffs and the FLSA Collective for all hours worked and at the proper overtime rate to which they were entitled under the FLSA.

50.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, were willful and intentional.

51.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective.

52.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

54.     As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, punitive damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request this Court to:

1.     Certify this case as a collective action pursuant to 29 U.S.C. § 216(b), and authorize notice to the FLSA Collective that they may consent to join in this action;

2.     Award damages for all wages and other forms of restitution that are owed to Plaintiffs and the FLSA Collective as described above;

3.     Award liquidated damages as provided under the FLSA;

4.     Award attorneys' fees and costs;

5.     Award prejudgment interest; and

6.     Award any other relief to which the Plaintiffs and the FLSA Collective may be entitled.

Dated: December 1, 2025            Respectfully submitted,

ADAM CAMPASINO and ANTONIO LOVE, individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ Anne Kramer*

Anne Kramer, Mass BBO #697435
(akramer@flsalaw.com)
Sarah J. Arendt*
(sarendt@flsalaw.com)
WERMAN SALAS P.C.
77 W. Washington St., Ste. 1402
Chicago, IL 60602
Telephone: (312) 419-1008

*_Pro hac vice_ motion forthcoming