**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ADAM CAMPASINO and ANTONIO LOVE, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>DRIFTY CO., d/b/a IONIC, and OUTSYSTEMS, INC.,<br><br>       Defendants. | C.A. No. 1:25-cv-13621-DJC |

**PARTIES' JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION
AND ISSUANCE OF COURT-AUTHORIZED NOTICE**

Pursuant to 29 U.S.C. § 216(b), Plaintiffs Adam Campasino and Antonio Love (collectively "Plaintiffs") and Defendants Drifty Co., d/b/a Ionic and OutSystems, Inc. (collectively "Defendants") (jointly "Parties") hereby state and stipulate to, and respectfully request that the Court enter an Order approving, the following:

1.     For facilitation of notice purposes only, the Court conditionally certifies pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) a collective defined as follows:

> All current or former employees of Defendants Drifty Co., d/b/a Ionic or OutSystems, Inc. who worked as salaried Sales Development Representatives ("SDRs") or Senior Sales Development Representatives ("Sr. SDRs") at any time since September 13, 2022 ("Conditionally Certified Collective").[1]

---

[1]    The recovery period in this matter extends back to September 13, 2022, which is three years and 79 days prior to the date Plaintiffs' Complaint was filed. This accounts for a tolling agreement between the Parties that was in effect from August 14, 2025, through October 31, 2025, during which time the FLSA claims of all Sales Development Representatives and Senior Sales Development Representatives employed by Defendants were tolled.

2.      The Parties shall appoint a mutually acceptable third-party administration company as claims administrator ("Claims Administrator") for this action. Plaintiffs shall bear the costs of notice.

3.      Within twenty (20) days of the date the Court issues an Order approving this Stipulation, Defendants shall provide in Excel format the names, last known mailing addresses, and last known personal email addresses of all members of the Conditionally Certified Collective ("Class List") to the Claims Administrator. The Claims Administrator shall maintain the Class List received in the strictest of confidence and shall not disclose such information to any person or entity, including, but not limited to, Plaintiffs and Plaintiffs' counsel, and shall not use the Class List for any purpose other than effectuating notice pursuant to this Stipulation, unless otherwise directed by the Court.

4.      Within fifteen (15) days after receipt of the Class List, the Claims Administrator shall send the proposed Notice and Consent to Join Form, in the form attached as Exhibit A, to all individuals on the Class List via U.S. mail and email. Before the mailing, the Claims Administrator will update the addresses on the Class List using the National Change of Address ("NCOA") Database. Together with the Notice and Consent to Join Form, the Claims Administrator will include a postage pre-paid envelope addressed to the Claims Administrator for the return of the Consent to Join Forms. The Claims Administrator shall include no additional materials in the mailing.

5.      A reminder communication will be issued 45 days after the initial Notice mailing via U.S. mail and email in the form attached as Exhibit B. The reminder communications will only be mailed one (1) time.

6.      Members of the Conditionally Certified Collective will have 90 days from the date of the mailing of the Notice to return Consent to Join Forms to the Claims Administrator. Signed Consent to Join Forms must be postmarked or actually received by the Claims Administrator by the date 90 days after mailing (the "Bar Date"). Only Consent to Join Forms received from members of the Conditionally Certified Collective shall be considered valid.

7.      The Claims Administrator shall provide all signed, valid Consent to Join Forms to Plaintiffs' counsel for filing within two (2) business days after receipt.

8.       While notice is pending, prior to the Bar Date, Plaintiffs' counsel may not initiate any communication with a member of the Conditionally Certified Collective regarding this lawsuit unless and until such individual returns a Consent to Join Form designating Plaintiffs' counsel as his or her attorney for this case. However, Plaintiffs' counsel shall not be prohibited from responding to inquiries directed to them as may be initiated by members of the Conditionally Certified Collective. While notice is pending, prior to the Bar Date, Defendants' counsel may communicate with any management employee above the level of Senior Sales Development Representative about the case, but may not instruct or encourage any management employee to take any action or make any statements discouraging SDR or Sr. SDR participation in the case. While notice is pending and prior to the Bar Date, Defendants' counsel may not initiate any communications with a putative member of the Conditionally Certified Collective about this case.

9.      By joining this Stipulation, Defendants do not waive any arguments which may be asserted concerning the impropriety of maintenance of a collective action in this matter and/or the merits of the claims of the Plaintiffs or Conditionally Certified Collective members. Defendants also do not waive any affirmative defenses raised in their Answer to Complaint (ECF No. 16), which may be asserted concerning the applicable statute of limitations in this matter.  Defendants

expressly reserve the right to seek decertification of the collective after the notice period has elapsed.

10.    The Parties will file a Joint Status Report following the initial issuance of the Notice to provide the Court with the date that the opt-in period will close as well as the date that reminder notices will be issued.

Dated: July 8, 2026                                            Respectfully submitted,

By:                                                                  By:

/s/*Sarah J. Arendt*                                      /s/*Molly C. Mooney* (with permission)
Anne R. Kramer (BBO No. 697435)            Robert A. Fisher (BBO # 643797)
Sarah J. Arendt (*pro hac vice*)                    Molly C. Mooney (BBO # 687812)
Werman Salas P.C.                                       Jeanette M. Piaget (BBO # 707465)
77 West Washington St.                               SEYFARTH SHAW LLP
Suite 1402                                                    World Trade Center East
Chicago, IL 60602                                       Two Seaport Lane, Suite 1200
(312) 419-1008                                            Boston, MA 02210-2028
akramer@flsalaw.com                                 Telephone: (617) 946-4800
sarendt@flsalaw.com                                  Facsimile: (617) 946-4801

*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

SO ORDERED

Dated: _____                    _____
                                                                 Hon. Denise J. Casper
                                                                 United States District Judge

4